IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 08-127
)
JAMIE LUIZ LIGHTFOOT )

O P I N I O N

DIAMOND, D.J.

Jamie Luiz Lightfoot ("defendant") was charged in a one-count indictment with possession with intent to distribute and distribution of less than 500 grams of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). Defendant has filed a number of pretrial motions set forth in one omnibus filing (Document No. 23), and the government has responded thereto (Document No. 25). For the reasons set forth herein, defendant's motions will be granted in part and denied in part.

Motion for Discovery

Defendant has filed a motion for discovery, which seeks disclosure of eleven categories of information. See defendant's motion, ¶¶2a-2k. Governmental disclosure of evidence in criminal cases is governed by Fed.R.Crim.P. 16(a)(1). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1), "with some additional material being

discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act, 18 U.S.C. §3500, and materials available pursuant to the so-called "Brady doctrine." Id.

In response to defendant's discovery motion, the government has acknowledged its obligations under Rule 16(a) and the Brady doctrine and has stated that it will furnish defendant with the information requested in ¶¶2(a)-(g) and ¶¶2(i)-(k) to the extent such material exists. However, the government objects to defendant's request in ¶2(h) that he be furnished with a list containing the names of government witnesses who will be called to testify at trial. The government correctly states that it is not required to divulge the names of its witnesses in a non-capital case, see United States v. Addonizio, 451 F.2d 49, 62 (3d Cir. 1971), thus defendant's request for a list of the government's witnesses will be denied. Accordingly, defendant's discovery motion will be granted as to ¶¶2(a)-(g) and ¶¶2(i)-(k), to the extent the government possesses any material responsive to defendant's requests, but the motion will be denied as to defendant's request set forth in ¶2(h) for a list of the government's witnesses.

As to the timing of the required disclosures, it is well

2

settled that the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963), require it to disclose actual exculpatory evidence without undue delay. In contrast, Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983). Therefore, to the extent the government possesses any exculpatory Brady evidence, such evidence shall be disclosed to defendant forthwith.

As to impeachment material, this circuit encourages adherence to the long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (quoting Higgs, 713 F.2d at 44 n.6). Given the nature of this case, disclosure of Brady impeachment material no later than seven days prior to trial is sufficient to protect defendant's due process rights and to ensure that trial delay is avoided, and an order will be entered to that effect.

### Motion to Require Retention of Rough Notes and Writings

Defendant requests that the government be required to retain all rough notes and writings generated by investigating agents which may constitute Brady or Jencks materials. In United States v. Vella, 562 F.2d 275, 276 (3d Cir. 1977), the Third Circuit held that rough interview notes should be preserved so that the court

3

can determine whether they should be made available to the defendant under Brady or the Jencks Act. See also United States v. Ammar, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of rough drafts of agents' reports). The government has indicated that it is aware of its obligation to retain these materials and will do so to the extent any such items exist. Accordingly, the court will grant defendant's motion to require retention of rough notes and order the government to preserve any such materials.

Motion to Disclose and Exclude Uncharged Misconduct Evidence

Defendant seeks an order requiring the government to provide a written statement of uncharged misconduct evidence pursuant to Fed.R.Evid. 404(b).[1]

Rule 404(b) requires the government to provide reasonable notice prior to trial of its intention to use evidence of other crimes, wrongs or acts for the purposes enumerated in the rule. It provides "that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." According to the commentary to Rule 404(b),

---

[1] Defendant also requests a pretrial hearing on the admissibility of any potential Rule 404(b) evidence. However, it would be premature to rule on the potential admissibility of Rule 404(b) evidence until such evidence is considered in the context of trial. Accordingly, no pretrial hearing is required.

4

other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes reasonable notice will depend on the circumstances of each case. Courts that have considered what constitutes "reasonable notice" have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days).

Here, the government states that it presently does not intend to offer any evidence pursuant to Rule 404(b) during its case-in-chief. However, if this position changes, the government acknowledged that it will notify the court and counsel and prepare a written proffer in advance of trial. Accordingly, the court will grant defendant's motion to the extent he seeks advance notice of Rule 404(b) evidence and will enter an order directing the government to provide the required Rule 404(b) notice ten days before trial. To the extent defendant seeks exclusion of potential Rule 404(b) evidence, his motion will be denied without prejudice as premature.

Motion for Notice of Evidence Arguably Subject to Suppression

Defendant has filed a motion requesting an order that

5

requires the government to provide notice of its intent to use any evidence "arguably subject to suppression." In response, the government notes that this case involves an informant's controlled purchase of cocaine from defendant. As part of the investigation, the informant gave consent to have his conversations with defendant recorded. The government is not aware of any additional evidence arguably subject to suppression.[2]

Accordingly, defendant's motion for notice of evidence arguably subject to suppression will be denied as moot.

## Motion for Early Disclosure of Jencks Material

Defendant has moved for an order compelling the government to disclose Jencks Act material "prior to trial." The Jencks Act, 18 U.S.C. §3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). According to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a

---

[2] The government also notes that law enforcement authorities executed a search warrant at defendant's residence on February 19, 2008, and recovered evidence indicative of narcotics trafficking. Defendant was present during the search, was advised of his constitutional rights, and gave a statement concerning his drug trafficking activities. At present, the government does not intend to introduce this evidence at defendant's trial in the instant case.

6

government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection <u>until said witness has testified on direct examination in the trial of the case</u>."

There is no authority by which this court can order the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial. However, the government has indicated that it will provide defendant with Jencks Act material in accordance with the practice ascribed to in this district. Accordingly, the court will enter an order encouraging the government to turn over Jencks Act material three days prior to trial.

### Motion to Preserve Evidence

Defendant has filed a motion to preserve all evidence related to this case. The government responds that to the extent the requested evidence exists, it is not opposed to the granting of this motion. Accordingly, defendant's motion to preserve evidence will be granted.

### Motion to Exclude Evidence of Prior Convictions

Pursuant to Federal Rule of Evidence 609(a), defendant has filed a motion to exclude evidence of his prior convictions for the purpose of attacking his credibility should he testify at

7

trial.

Rule 609(a)(1) allows, for the purpose of attacking the credibility of an accused, the admission of evidence that the accused has been convicted of any crime punishable by death or imprisonment in excess of one year if the court determines that the probative value of admitting that evidence outweighs the prejudicial effect to the accused. See United States v. Johnson, 388 F.3d 96, 100-01 (3d Cir. 2004). Rule 609(a)(2) further provides that evidence that any witness has been convicted of a crime involving dishonesty or false statement shall be admitted regardless of punishment. The only advance notice requirement in Rule 609 is that the government is required to provide "sufficient advance written notice" of its intent to use evidence of a conviction more than ten years old. Fed.R.Evid. 609(b).

The government responds that defendant has an extensive and varied criminal history, and, in the event defendant testifies at trial, his prior convictions are admissible for impeachment purposes. As a ruling on the admissibility of those prior convictions is not possible at this time, defendant's motion to exclude those prior convictions will be denied without prejudice to his right to challenge the admissibility of any such convictions should he choose to testify at trial.

AO 72
(Rev. 8/82)

Motion for Leave to File Additional Pretrial Motions

Defendant requests that the court enter an order permitting him to file additional pretrial motions as may become necessary. The court will grant defendant's request to the extent that he may file additional motions which reasonably could not have been anticipated within the time allocated for filing motions in this case.

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date: August 5, 2008

cc: Michael L. Ivory
Assistant U.S. Attorney

Arnold I. Klein, Esq.
Bacharach & Klein
564 Forbes Avenue
1113 Manor Complex
Pittsburgh, PA 15219

9

AO 72
(Rev. 8/82)